# UNITED STATES DISTRICT COURT
for the
Western District of Texas

**FILED**
July 15, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: ___Fidel Morales___
DEPUTY

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Jessica Lorraine TELLES | ) | Case No. |
| | ) | |
| | ) | EP:25-M-03969-MAT |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **July 14, 2025** in the county of **El Paso** in the **Western** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC Section 111 | Assaulting, resisting, or impeding certain officers or employees |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

**Complaint sworn to telephonically on** ___July 15, 2025___ at ___02:00 PM___ **and signed electronically. FED.R.CRIM.P. 4.1(b)(2)(A)**

_____
*Complainant's signature*

Mark R. Martinez HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/15/2025

_____
*Judge's signature*

City and state: El Paso, Texas

Miguel A. Torres, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Special Agent ("SA") Mark R. Martinez, herein after "Affiant", being duly sworn do hereby depose and state:

1. Affiant is an SA with Homeland Security Investigations (HSI) assigned to the Office of the Special Agent in Charge (SAC) El Paso Office. Affiant has been employed with HSI as a Special Agent (SA) since 2010 and is currently assigned to the Cyber Crimes Group (CCG). Affiant is authorized to investigate crimes involving the assault of federal officers to include violations of 18 U.S.C. § 111 Assaulting, resisting, or impeding certain officers or employees.

2. The statements contained in this Affidavit are based on Affiant's experience, background as an SA, and on information provided by other law enforcement officers. Your Affiant has not included all facts known concerning this matter, but only facts necessary to set forth probable cause.

3. On July 14, 2025, U.S. Customs and Border Protection Officers (CBPOs) were conducting vehicle inspections at the Paso Del Norte Port of Entry, El Paso, Texas located within the Western District of Texas. The primary CBPO encountered a 2018 Honda Civic with Texas license plate WJX9440 that approached the inspection booth. The driver of the vehicle was identified as Carlos RODRIGUEZ. Also within the vehicle were passengers Rebecca RODRIGUEZ and Jessica TELLES. Records checks indicated that Rebecca RODRIGUEZ had an active non-extradition warrant from Estancia County, New Mexico. The vehicle was referred to secondary inspection.

4. In secondary, CBPOs and a Chief Supervisory Officer instructed the occupants to exit the vehicle. The occupants initially refused to exit the vehicle until further persuading by the Chief Supervisory Officer. Upon exiting the vehicle TELLES appeared to be taking photographs or video of the CBOs with a cellular phone. The CBPO Chief Supervisory Officer instructed TELLES to stop recording and to store the cellular phone. TELLES refused to comply with instructions from CBPOs.

5. CBPOs escorted the vehicle occupants to Passport Control Secondary (PCS). While walking from secondary inspection to PCS, Carlos RODRIGUEZ tripped and fell over a collapsible divider known as a scissor barricade. Carlos RODRIGUEZ received minor lacerations and abrasions to his lower left leg and was assisted to his feet by a CBPO. After entering PCS, Carlos RODRIGUEZ was instructed to remain facing away from the subjects. CBPOs stated that Carlos RODRIGUEZ refused to comply with verbal commands and attempted to turn towards the other subjects and break the grip of the CBPO.

6. A CBPO then stated that he felt Carlos RODRIGUEZ pinch and poke his midsection and attempted to grab the CBPOs Taser. The CBPO then grabbed both of Carlos RODRIGUEZ' arms and pinned him against a table. The CBPO involved then stated that he then felt a strike to his middle back that he describes as a kick from TELLES.

7. Your Affiant and Special Agent Javier Alvidrez responded to the Paso Del Norte Port of Entry and were briefed of the incident by CBPO's. TELLES was read her Miranda Warnings in the English language by Affiant and witnessed by SA Alvidrez. TELLES acknowledged she understood her rights and was willing to speak with agents without the presence of an attorney. TELLES denied striking any CBPO in any way.

8. Your Affiant received information from CBP Office of Professional Responsibility SA Phillip Alvarado. SA Alvarado stated that earlier on the same day he and SA Erik Aranda also interviewed TELLES. During that interview SA Alvarado stated that TELLES said "If they say anything that I kicked him, my leg flew out and hit him." SA Alvarado stated that TELLES said this of her own accord.

9. There is reason to believe, and your Affiant does believe, there is probable cause that TELLES did assault, resist or impede a federal officer in violation of 18 U.S.C. § 111.

10. This affidavit is intended to show merely that there is sufficient probable cause for the arrest of TELLES and does not set forth all the Affiant's knowledge about this matter.

_____
Mark R. Martinez
Special Agent

Subscribed and sworn before me this 14th day of July 2025

_____
Miguel A. Torres
United States Magistrate Judge